UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| TERRANCE EUGENE WILLIAMS,<br><br>                Petitioner,<br><br>    v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Respondents. | Case No. 3:21-cv-00187-HDM-CLB<br><br>**ORDER** |
|---|---|

This habeas matter is before the Court on Petitioner's failure to file an amended petition on the Court's required 28 U.S.C. § 2254 petition form and a copy of the prisoner's trust account statement for the six-month period prior to filing as well as consideration of Petitioner's Motion Pertaining to Pertinent Matters (ECF No. 8) and Motion Inquiring about Appointed Counsel (ECF No. 9).

**I.  BACKGROUND**

On May 24, 2021, the Court entered an order directing Petitioner Terrance Eugene Williams, a *pro se* Nevada prisoner, to file his petition on the Court's required 28 U.S.C. § 2254 petition form and to either pay the standard five dollar ($5.00) filing fee or file a complete application for leave to proceed *in forma pauperis* ("IFP") within 30 days. ECF No. 4. On June 9, 2021, Petitioner filed a Motion for Appointment of Counsel[1] (ECF No. 5) and another IFP application (ECF No. 6).

---

[1] The Court will defer consideration of the motion for appointment of counsel until Petitioner has fully complied with this order.

On July 6, 2021, the Court instructed Petitioner to file an amended petition on the Court's form within 30 days and file a copy of his inmate trust account statement for the six-month period prior to filing, or alternatively pay the $5 filing fee within 30 days. To date, Petitioner has not complied with the Court's order.

Petitioner's IFP application is incomplete. Petitioner must include a copy of the prisoner's trust account statement for the six-month period prior to filing.[2] *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. Petitioner will have one final chance 30 days from the date of this order to submit a copy of the prisoner's trust account statement for the six-month period prior to filing to complete his IFP application or alternatively pay the $5.00 filing fee.

In addition, to date, Petitioner has not filed an amended petition on the Court's required 28 U.S.C. § 2254 petition form as instructed in the Court's previous order. Local Rule LSR 3-1 requires Petitioner to file his petition on the Court's required § 2254 petition form. Instead of complying with the local rule, Petitioner used a state court form. Petitioner must use the required form to state his claims in order to provide the court with necessary information to conduct preliminary review of the petition. Accordingly, Petitioner must file an amended petition on the Court's form within 30 days of the date of this order.

Petitioner must clearly title the amended petition as such by writing the word "AMENDED" immediately above "Petition for a Writ

---

[2] An IFP application is complete with the appropriate supporting documentation: (1) a financial certificate signed by an authorized prison official, (2) a copy of the prisoner's trust account statement for the six-month period prior to filing, and (3) a financial affidavit and acknowledgement signed by the prisoner showing an inability to prepay fees and costs or give security for them.

of Habeas Corpus" on page 1 in the caption, and he must place the case number, 3:21-cv-00187-HDM-CLB, in the designated space. Under Local Rule 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged will not be considered.

**II.   Motion Pertaining to Pertinent Matters (ECF No. 8)**

Petitioner appears to request a status regarding his parole hearing. Federal law provides two main avenues to relief on complaints related to incarceration: (1) a petition for habeas corpus, 28 U.S.C. §§ 2241, 2254, 2255; and (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Nettles v. Grounds*, 830 F.3d. 922, 927 (9th Cir. 2016) (en banc).

Federal habeas statutes allow a state prisoner or pretrial detainee to challenge "the validity of any confinement or to particulars affecting its duration." *Muhammad*, 540 U.S. at 750 ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). Where the claims at issue would result in "immediate release if successful," such claims fall "within the core of habeas corpus" and therefore must "be brought, if at all, in habeas." *Nettles*, 830 F.3d. at 927–28 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).

"If the prisoner's claim challenges the fact or duration of the conviction or sentence, compliance with AEDPA is mandated,

while if the claim challenges any other aspect of prison life, the prisoner must comply with the PLRA." *Nettles*, 830 F.3d. at 934.

Habeas relief is not available for "probabilistic claims," *i.e.*, where success on the claims "*could potentially* affect the duration of confinement" or is "*likely* to accelerate the prisoner's eligibility for parole." *Nettles*, 830 F.3d. at 933-34 (quoting *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled by Nettles*).

Here, Petitioner brings a petition for writ of habeas corpus under § 2254. The Court is not apprised of Petitioner's parole eligibility or parole hearing status. Accordingly, the Court denies Petitioner's motion (ECF No. 8).

**III. Motion Inquiring about Appointed Counsel (ECF No. 9)**

As provided in the Court's previous order, the Court deferred and will continue to defer consideration of the motion for appointment of counsel until Petitioner has fully complied with this order. Accordingly, the Court denies Petitioner's motion (ECF No. 9).

**IT IS THEREFORE ORDERED:**

1. Petitioner's Motion pertaining to Pertinent Matters (ECF No. 8) is DENIED.
2. Petitioner's Motion Inquiring about Appointed Counsel (ECF No. 9) is DENIED.
3. Within 30 days of the date of this order, Petitioner must file a copy of his inmate trust account statement for the six-month period prior to filing. Alternatively,

4

Petitioner will pay the $5 filing fee within 30 days.

4. The Clerk of Court is instructed to MAIL Petitioner a blank form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with instructions.

5. Petitioner must file an amended petition on the Court's form within 30 days. Petitioner must clearly title the amended petition as such by writing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption, and he must place the case number, 3:21-cv-00187-HDM-CLB, in the designated space.

6. Petitioner's failure to comply with this Order by (a) filing an amended petition, and either (b) submitting a statement of his inmate trust account for the six-month period prior to filing to complete his IFP application, or (c) paying the filing fee within 30 days will result in the dismissal of this action without prejudice and without further advance notice.

DATED: this 29th day of September, 2021.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE