UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE EUGENE WILLIAMS,<br><br>      Petitioner,<br> v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>      Respondents. | Case No. 3:21-cv-00187-HDM-CLB<br><br>**ORDER** |

  This habeas matter is before the Court on Petitioner's failure to file an amended petition on the Court's required 28 U.S.C. § 2254 petition form and failure to file a copy of his inmate trust account statement for the six-month period prior to filing, or alternatively pay the $5 filing fee. Also before the Court is Petitioner's Motion for Appointment of Counsel (ECF No. 5).

  On May 24, 2021, the Court entered an order directing Petitioner Terrance Eugene Williams, a *pro se* Nevada prisoner, to file his petition on the Court's required 28 U.S.C. § 2254 petition form and to either pay the standard five dollar ($5.00) filing fee or file a complete application for leave to proceed *in forma pauperis* ("IFP") within 30 days. (ECF No. 4). On June 9, 2021, Petitioner filed a Motion for Appointment of Counsel (ECF No. 5) and another IFP application (ECF No. 6).

  On July 6, 2021, the Court instructed Petitioner to file an amended petition on the Court's form within 30 days and file a copy of his inmate trust account statement for the six-month period prior to filing, or alternatively pay the $5 filing fee within 30 days. On September 29, 2021, the Court again instructed Petitioner

to file an amended petition on the Court's form within 30 days and file a copy of his inmate trust account statement for the six-month period prior to filing, or alternatively pay the $5 filing fee within 30 days.[1] In the September 29, 2021 order, the Court attached a blank 28 U.S.C. § 2241 form in error.[2]

Local Rule LSR 3-1 requires Petitioner to file his petition on the Court's required § 2254 petition form. Petitioner must use the required form to state his claims in order to provide the court with necessary information to conduct preliminary review of the petition. Because the Court attached another form in error, the Court provided Petitioner an additional 45 days to file an amended petition on the Court's § 2254 petition form.

Although Petitioner has filed multiple letters to the Court (ECF Nos. 13, 14, 15, 16), to date, Petitioner has not filed an amended petition on the Court's § 2254 petition form and has not filed a copy of his inmate trust account statement for the six-month period prior to filing, or alternatively paid the $5 filing fee. The Court will give Petitioner one final chance to comply. Accordingly, the Court will provide an additional 45 days for Petitioner to file an amended petition on the Court's § 2254 petition form as well as a copy of his inmate trust account statement for the six-month period prior to filing. Alternatively, Petitioner will pay the $5 filing fee within 45 days.

Petitioner must clearly title the amended petition as such by

---

[1] To date, Petitioner has not filed a copy of his inmate trust account statement for the six-month period prior to filing, or alternatively paid the $5 filing fee.
[2] Petitioner must file his petition on the Court's required 28 U.S.C. § 2254 petition form.

writing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption, and he must place the case number, 3:21-cv-00187-HDM-CLB, in the designated space. Under Local Rule 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged will not be considered.

Turning to Petitioner's motion for appointment of counsel, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Petitioner has made no showing as to why denial of counsel would amount to a denial of due process. As such, the motion is denied

without prejudice.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (ECF No. 5) is DENIED.

2. The Clerk of Court is instructed to MAIL Petitioner a blank form petition for a writ of habeas corpus pursuant to **28 U.S.C. § 2254** with instructions.

3. Petitioner must file an amended petition on the Court's form within 45 days. Petitioner must clearly title the amended petition as such by writing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption, and he must place the case number, 3:21-cv-00187-HDM-CLB, in the designated space.

4. Within 45 days of the date of this order, Petitioner must file a copy of his inmate trust account statement for the six-month period prior to filing. Alternatively, Petitioner will pay the $5 filing fee within 45 days.

5. Petitioner's failure to comply with this Order by (a) filing an amended petition, and either (b) submitting a statement of his inmate trust account for the six-month period prior to filing to complete his IFP application, or (c) paying the filing fee within 45 days will result in the dismissal of this action without prejudice and without further advance notice.

DATED: this 3rd day of February, 2022.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE