# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE EUGENE WILLIAMS,<br><br>                    Petitioner,<br>   v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Respondents. | Case No. 3:21-cv-00187-HDM-CLB<br><br>**ORDER** |

This habeas matter is before the Court on Petitioner Terrance Eugene Williams's failure to comply with prior Orders (ECF Nos. 7, 10, 12, 17.) Also before the Court are Petitioner's Motions to Submit Evidence (ECF Nos. 18, 20, 21, 22, 23, 24, 28, 31, 32, 33, 35) and miscellaneous Motions (ECF Nos. 29, 34, 36.)

Williams initiated this federal habeas matter without paying the $5 filing fee or submitting an application for leave to proceed *in forma pauperis* ("IFP"). In addition, Williams did not file his petition on the Court's required 28 U.S.C. § 2254 petition form. On May 24, 2021, the Court entered an order directing Williams to file his petition on the Court's required 28 U.S.C. § 2254 petition form and to either pay the standard five dollar ($5.00) filing fee or file a complete IFP application. ECF No. 4. On June 9, 2021, Petitioner filed a Motion for Appointment of Counsel (ECF No. 5) and an incomplete IFP application ECF No. 6. On July 6, 2021, the Court instructed Petitioner to file an amended petition on the Court's form within 30 days and file a copy of his inmate trust account statement for the six-month period prior to filing, or

alternatively pay the $5 filing fee within 30 days. ECF No. 7. Petitioner failed to file a complete IFP application or pay the filing fee and failed to file an amended petition on the required form. On September 29, 2021, the Court again instructed Petitioner to file an amended petition on the Court's form within 30 days and file a copy of his inmate trust account statement for the six-month period prior to filing, or alternatively pay the $5 filing fee within 30 days. ECF No. 10. In the September 29, 2021 order, the Court attached a blank 28 U.S.C. § 2241 form in error.

On November 18, 2021, the Court sent a blank 28 U.S.C. § 2254 petition form, instructed him to file an amended petition, and again instructed Williams to file a copy of his inmate trust account statement for the six-month period prior to filing within 45 days. ECF No. 12. Petitioner did not comply. On February 3, 2022, the Court again instructed Petitioner to file an amended petition on the required form and file a copy of his inmate trust account statement for the six-month period prior to filing or pay the $5 filing fee. ECF No. 17. In each order, the Court warned that his failure to timely and fully comply would result in a dismissal of this action without prejudice and without further advance notice. *See* ECF Nos. 7, 10, 12, 17.

To date, Petitioner has not filed a copy of his inmate trust account statement for the six-month period prior to filing, or alternatively paid the $5 filing fee.

In addition, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts.  28 U.S.C. § 2254(b)(1)(A).  The exhaustion

requirement is meant to give state courts the first opportunity to review and correct alleged violations of federal constitutional guarantees as a matter of federal-state comity. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Woods*, 764 F.3d at 1129 (claim " 'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief' ") (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). *See also Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, it appears that Petitioner has not exhausted his state court remedies. Petitioner has not alleged or demonstrated that: (1) each claim in his petition was presented to each level of Nevada courts through to the Supreme Court of Nevada; (2) any proceedings before the state appellate courts concluded with the issuance of a remittitur or notice in lieu of a remittitur; and (3) the state appellate courts addressed the merits of the claims. Dismissal is appropriate.

3

**IT IS THEREFORE ORDERED:**

1. Petitioner Terrance Eugene Williams's first amended petition (ECF No. 19) is dismissed without prejudice based on his failure to comply with this Court's order and for failure to exhaust his claims in state court.

2. Petitioner's Motions to Submit Evidence (ECF Nos. 18, 20, 21, 22, 23, 24, 28, 31, 32, 33, 35), miscellaneous Motions (ECF Nos. 29, 34, 36), and Application to Proceed *in forma pauperis* (ECF No. 6) are denied as moot.

3. A certificate of appealability is denied as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

4. Under Rule 4 of the Rules governing Section 2254 Cases, the Clerk of the Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for respondents and informally serve the Nevada Attorney General by directing notice of electronic filing of this order to his office. No response is required form respondents other than to respond to any orders of a reviewing court.

5. The Clerk of the Court is instructed to enter final judgment accordingly and close this case.

DATED: this 3rd day of June, 2022.

HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE